FILED

OCT 3 1 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SONY BMG MUSIC ENTERTAINMENT, a §
Delaware general partnership; ARISTA §
RECORDS LLC, a Delaware limited liability §
company; BMG MUSIC, a New York general §
partnership; and CAPITOL RECORDS, INC., a §
Delaware corporation, §
§
     Plaintiffs, §
§
vs. §
§
RIGOBERDO GUEVARA, §
§
     Defendant. §
§

CIVIL ACTION NO.

A06CA874 LY

## PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs, by their attorneys, complain of the Defendant, and would show:

### JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 et seq.).

2.     This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.     This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

### PARTIES

4.     Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

5.      Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.      Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

7.      Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8.      Plaintiffs are informed and believe that Defendant is an individual residing in this District.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

9.      Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

10.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings").  The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.  In addition to the sound recordings listed on Exhibit A, Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

11.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

12.     Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others.  In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution.   Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

13.     Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

14.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

15.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

16.     The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and

503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

For these reasons, Plaintiffs pray for judgment against Defendant as follows:

1.    For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.    For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. Section 504.

3.    For Plaintiffs' costs in this action.

4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

4

5.     For such other and further relief, either at law or in equity, general or special, to which they may be entitled.

Respectfully submitted,

DATED: October 31, 2006                              By: _____
                                                              Stacy R. Obenhaus
                                                              State Bar No. 15161570
                                                              Lisa L. Honey
                                                              State Bar No. 24048550
                                                              Gardere Wynne Sewell LLP
                                                              3000 Thanksgiving Tower
                                                              1601 Elm Street
OF COUNSEL:                                                   Dallas, Texas  75201-4761
                                                              Tel: 214- 999-3000
Geoffrey H. Bracken                                           Fax:  214-999-4667
State Bar No. 02809750                                        sobenhaus@gardere.com
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400                          ATTORNEYS FOR PLAINTIFFS
Houston, Texas  77002-5007
Tel: 713-276-5555

 (11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SONY BMG MUSIC ENTERTAINMENT; ARISTA RECORDS LLC; BMG MUSIC; and CAPITOL RECORDS, INC.

**DEFENDANT**
RIGOBERDO GUEVARA

County of Residence of First Listed Defendant **Williamson**
(IN U.S. PLAINTIFF CASES ONLY)

**(b)** County of Residence of First Listed Plaintiff **NEW YORK, NEW YORK**
(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lisa L. Honey          Phone: (214) 999-3000
Stacy R. Obenhaus      Fax:   (214) 999-4667
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761

Attorneys (If Known)

A06CA874 LY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

□ 1 U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant

□ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. NATURE OF SUIT (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury - | □ 620 Other Food & Drug | | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product | Med. Malpractice | □ 625 Drug Related Seizure | □ 423    Withdrawal | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | Liability | □ 365 Personal Injury - | of Property 21 USC 881 | 28 USC 157 | □ 450 Commerce |
| □ 150 Recovery of Overpayment | □ 320 Assault, Libel & | Product Liability | □ 630 Liquor Laws | | □ 460 Deportation |
| & Enforcement of Judgment | Slander | □ 368 Asbestos Personal | □ 640 R.R. & Truck | **PROPERTY RIGHTS** | □ 470 Racketeer Influenced and |
| □ 151 Medicare Act | □ 330 Federal Employers' | Injury Product | □ 650 Airline Regs. | ☒ 820 Copyrights | Corrupt Organizations |
| □ 152 Recovery of Defaulted | Liability | Liability | □ 660 Occupational | □ 830 Patent | □ 480 Consumer Credit |
| Student Loans | □ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | □ 840 Trademark | □ 490 Cable/Sat TV |
| (Excl. Veterans) | □ 345 Marine Product | □ 370 Other Fraud | □ 690 Other | | □ 810 Selective Service |
| □ 153 Recovery of Overpayment | Liability | □ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | □ 850 Securities/Commodities/ |
| of Veteran's Benefits | □ 350 Motor Vehicle | □ 380 Other Personal | □ 710 Fair Labor Standards | □ 861 HIA (1395ff) | Exchange |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle | Property Damage | Act | □ 862 Black Lung (923) | □ 875 Customer Challenge |
| □ 190 Other Contract | Product Liability | □ 385 Property Damage | □ 720 Labor/Mgmt. Relations | □ 863 DIWC/DIWW | 12 USC 3410 |
| □ 195 Contract Product Liability | □ 360 Other Personal | Product Liability | □ 730 Labor/Mgmt.Reporting | 405(g)) | □ 890 Other Statutory Actions |
| □ 196 Franchise | Injury | | & Disclosure Act | □ 864 SSID Title XVI | □ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 740 Railway Labor Act | □ 865 RSI (405(g)) | □ 892 Economic Stabilization Act |
| □ 210 Land Condemnation | □ 441 Voting | □ 510 Motions to Vacate | □ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | □ 893 Environmental Matters |
| □ 220 Foreclosure | □ 442 Employment | Sentence | □ 791 Empl. Ret. Inc. | □ 870 Taxes (U.S. Plaintiff | □ 894 Energy Allocation Act |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | □ 895 Freedom of |
| □ 240 Torts to Land | Accommodations | □ 530 General | | □ 871 IRS—Third Party | Information Act |
| □ 245 Tort Product Liability | □ 444 Welfare | □ 535 Death Penalty | | 26 USC 7609 | □ 900 Appeal of Fee |
| □ 290 All Other Real Property | □ 445 Amer. w/Disabilities- | □ 540 Mandamus & Other | | | Determination Under |
| | Employment | □ 550 Civil Rights | | | Equal Access to Justice |
| | □ 446 Amer. w/Disabilities- | □ 555 Prison Condition | | | □ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | □ 440 Other Civil Rights | | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
□ 2 Removed from State Court
□ 3 Remanded from Appellate Court
□ 4 Reinstated or Reopened
□ 5 another district (specify)        Transferred from
□ 6 Multidistrict Litigation
□ 7 District Judge from Magistrate Judgment        Appeal to

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
*17 U.S.C. § 501 et seq.*

Brief description of the cause:  *copyright infringement*

## VII. REQUESTED IN COMPLAINT
□ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
Statutory damages; injunction

CHECK YES only if demanded in complaint
**JURY DEMAND:**   □ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE
**October 31, 2006**

SIGNATURE OF ATTORNEY OF RECORD
*Lisa Honey*

FOR OFFICE USE ONLY

RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO82
(Rev. 4/90)

ORIGINAL

403708

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS** *Austin*
at _____

RECEIVED FROM *Gardere Wynne Sewell*
*1601 Elm St, Ste 3000*
*Dallas, TX 75201*

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60 00 |
| 604700 | Registry Funds | 610000 | 190 00 |
| | General and Special Funds | | |
| 508800 | Immigration Fees | 086400 | 100 00 |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 350.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference | |
| 322360 | Miscellaneous Fees | 1:06-CV-874 | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | *new case* | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | *Sony BMG Music et al* | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | *v. Rigoberdo Guevara* | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

$
Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn. *13800-7*

| DATE *10-31-06* | Cash | Check ✓ | M.O. | Credit | DEPUTY CLERK |
|---|---|---|---|---|---|
| *11-01-06* | | | | | *Arroyo* |